UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUDOLPH BRADLEY,

    Petitioner,

v.

SHIRLEE HARRY,

    Respondent.

Case No. 17-12198

Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF
HABEAS CORPUS [1], DENYING A CERTIFICATE OF APPEALABILITY,
AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Following a bench trial in state court, Rudolph Bradley was convicted of possession with intent to deliver less than five kilograms of marijuana, Mich. Comp. Laws § 333.7401(2)(d)(iii), felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony ("felony firearm"), second offense, Mich. Comp. Laws § 750.227b. He now seeks a writ of habeas corpus under 28 U.S.C. § 2254 on the sole ground that there was insufficient evidence to find that he was in constructive possession of the marijuana and the weapons found during the execution of a search warrant at his brother's residence. (ECF No. 1, PageID.2.) Because the state court's determination of the facts and adjudication of Bradley's claim on the merits was objectively reasonable, the petition is denied.

**I.**

Bradley waived his right to a jury trial and was tried before a Wayne County Circuit Court judge. This Court recites the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1), *see Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

1

> This case arises from the execution of a narcotics search warrant by the Detroit Police Narcotics Enforcement Team at 2182 Eastlawn Street in Detroit, Michigan on March 10, 2011. Detroit Police suspected that defendant resided at 2182 Eastlawn Street and that he was selling illegal drugs and firearms from that location. Police conducted preraid surveillance of the residence, and conducted a "trash pull" that recovered a sandwich bag with residue that tested positive for cocaine.
>
> Defendant was found outside of the home when the search warrant was executed, and his girlfriend, Vernita Johnson, and his brother, Terence Bradley, were found inside the home. Police officers recovered several bags of marijuana and other narcotics, several firearms, several proof of residency documents addressed to defendant at the 2182 Eastlawn Street address, and a large amount of money.
>
> At trial, Detroit Police Officer Lynn Moore testified that proof of residency documents, including a Direct TV advertisement, a state of Michigan vehicle title, and a child support payment coupon (issued by the Michigan State Disbursement Unit) addressed to defendant at 2182 Eastlawn Street, were found in the east bedroom along with men's clothing, several firearms, marijuana, ecstasy, and money, and that the drugs were packaged in a way that indicated they were for sale. Defendant's girlfriend testified that defendant had previously resided at 2182 Eastlawn Street with his brother, but had moved in with her five months before the raid, and that she had driven defendant to the Eastlawn home on the day of the raid to pick up some mail, because he had not changed his address.

*People v. Bradley*, No. 323737, 2016 WL 3717438, at *1 (Mich. Ct. App. July 12, 2016). Bradley's brother Terence also testified that Bradley had moved out of the Eastlawn Street house several months before the raid.

On August 11, 2014, the trial court found Bradley guilty of possession with intent to deliver less than five grams of marijuana, felon-in-possession of a firearm, and felony firearm, second offense. According to the trial court, the idea that Bradley was disconnected from the Eastlawn Street address, as suggested by Bradley's girlfriend and brother, was "too preposterous to be entertained." (ECF No. 8-7, PageID.222.) The trial court found that, even if Bradley was spending seven nights a week at his girlfriend's home, he could still have possession of the guns and drugs found in his brother's home. (*Id.*, PageID.223.) The judge relied on the fact that the searched home had been in the Bradley family for years and Rudolph had lived there, residence documents

(including a car title) connected to Bradley were found both inside the residence and in the trash, and Bradley was found outside the home at the time of the raid. (*Id.*, PageID.222–224.) The court also noted that Bradley had failed to show up for trial on the originally scheduled date and was arrested about twenty-five months later. (*Id.*, PageID.224.) The court construed Bradley's flight as consciousness of guilt. (*Id.*) The court was convinced beyond a reasonable doubt that Bradley was in possession, constructive or otherwise, of the guns and the drugs found in the home on Eastlawn and, therefore, he was guilty as charged. (*Id.*, PageID.224–225.) On August 25, 2014, the trial court sentenced Bradley as a habitual offender to concurrent terms of three to fifteen years in prison for the marijuana and felon-in-possession convictions and to a consecutive term of five years for the felony-firearm conviction. (ECF No. 8-8, PageID.232.)

Bradley appealed his convictions as of right, claiming that the prosecution presented insufficient evidence that he was in constructive possession of anything found in his brother's house. The Michigan Court of Appeals found no merit in this claim and affirmed Bradley's convictions. *See Bradley*, 2016 WL 3717438, at *4. On January 5, 2017, the Michigan Supreme Court denied leave to appeal. *See People v. Bradley*, 888 N.W.2d 91 (Mich. 2017).

On July 5, 2017, Bradley filed his habeas corpus petition, which raises the same sufficiency-of-the-evidence issue that he presented to the state courts. (ECF No. 1, PageID.2.) The State filed a responsive pleading in which it urges the Court to deny the petition because the state court's rejection of Bradley's claim was not objectively unreasonable. (ECF No. 7, PageID.50–66.)

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires habeas petitioners who challenge "a matter 'adjudicated on the merits in State court' to show that the

3

relevant state court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.' " *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)). A "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Davis v. Lafler*, 658 F.3d 525, 531–32 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 411 (2000)). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotation marks omitted).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Also, a state-court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.

As noted above, Bradley's sole claim challenges the sufficiency of the evidence presented at his bench trial. According to him, the prosecutor failed to prove that he actively or constructively possessed any of the marijuana or firearms in question, violating the Fourteenth Amendment protection against conviction unless proven guilty beyond a reasonable doubt. (ECF No. 1, PageID.2–3.) Specifically, Bradley claims that: (1) he moved out of the Eastlawn address in November of 2010; (2) clothing in the east bedroom belonged to his brother's roommate; (3) his

brother Terence confessed to possessing the drugs and guns in the house; (4) he had no keys to the house on his person at the time of the raid; (5) the police never actually saw him in the house; (6) he was sitting in his girlfriend's car several houses away at the time of the raid; and (7) no fingerprints were found on the guns or the bags containing the marijuana. (ECF No. 1.) Bradley also contends that the mail with his name on it was unopened, and this was consistent with someone who had moved but had not notified the post office of a change of address. (ECF No.1, PageID.16.)

The Michigan Court of Appeals addressed this claim on the merits. It determined that a reasonable inference could be made from the evidence that Bradley had access to the east bedroom, had control over its contents, and, therefore, had constructive possession of the marijuana and firearms found in the east bedroom. The Court of Appeals concluded that there was sufficient evidence to prove beyond a reasonable doubt that Bradley possessed the marijuana and firearms found in the east bedroom of the Eastlawn Street home.

## A.

The critical inquiry on review of a challenge to the sufficiency of the evidence supporting a criminal conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (internal citations and footnote omitted) (emphases in original). "Circumstantial evidence may support a conviction, and such evidence need not remove every reasonable hypothesis except that of guilt." *Apanovitch v. Houk*, 466 F.3d 460, 488 (6th Cir. 2006) (internal citations omitted).

Under AEDPA, the Court's "review of a state-court conviction for sufficiency of the evidence is very limited," *Thomas v. Stephenson*, 898 F.3d 693, 698 (6th Cir. 2018), because *Jackson* claims are "subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam). First, "it is the responsibility of the [fact finder] to decide what conclusions should be drawn from evidence admitted at trial." *Id.* (quoting *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam)). "And second, on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable." *Id.* (internal quotation marks omitted) (quoting *Cavazos*, 565 U.S. at 2); *see also Tanner v. Yukins*, 867 F.3d 661, 672 (6th Cir. 2017) (stating that "two layers of deference apply [to a sufficiency-of-the-evidence claim], one to the jury verdict, and one to the state appellate court").

"[T]his standard is difficult to meet," no doubt, but "that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "[H]abeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102–03 (internal quotation marks and citation omitted).

**B.**

To convict Bradley of the marijuana charge, the prosecutor had to prove beyond a reasonable doubt that "(1) [Bradley] knowingly possessed a controlled substance, (2) [he] intended to deliver the controlled substance to someone else, (3) the substance possessed was marijuana and [he] was aware that it was, and (4) the marijuana was in a mixture that weighed less than five kilograms." *People v. Williams,* 707 N.W.2d 624, 627 (Mich. Ct. App. 2005). The only element in dispute here is whether the Michigan Court of Appeals reasonably determined that the evidence

was sufficient to find Bradley constructively possessed the marijuana in the east bedroom at the Eastlawn Street house.

In Michigan, "possession may be found even when the defendant is not the owner of recovered narcotics." *People v. Wolfe*, 489 N.W.2d 748, 753 (Mich. 1992). Possession may be "actual or constructive" and "joint, with more than one person actually or constructively possessing a controlled substance." *Id*. "[C]onstructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the contraband." *Id*. at 754. "[T]he essential inquiry into possession is whether there is a sufficient nexus between the defendant and the contraband, including whether the defendant exercised a dominion and control over the substance." *People v. Bylsma*, 825 N.W.2d 543, 550–51 (Mich. 2012) (quotation marks and footnotes omitted).

In the present case,

> Detroit Police Officer Michael Panackia received a tip that [Bradley] was suspected of selling a large amount of drugs and firearms from the Eastlawn residence. Several proof-of-residency documents were found in the east bedroom of the home and supported [Bradley's] residency there. Officers also found men's clothing in the east bedroom and [Officer] Moore testified that the bedroom appeared "lived in." Moreover, on the day of the raid, [Bradley] was found outside of the home.

*Bradley*, 2016 WL 3717438, at *2. A rational trier of fact could have inferred from the mail addressed to Bradley, the vehicle title with the address of the residence, the men's clothing in the bedroom, and Bradley's presence outside the house that he had access to the house and constructively possessed, even if jointly, the marijuana found in the east bedroom. *See People v. Hardiman*, 646 N.W.2d 158, 162 (Mich. 2002). So there was nothing unreasonable about the state appellate court's affirmance of the verdict.

Bradley says his witnesses created reasonable doubt about his guilt. His girlfriend, for example, testified that Bradley had moved out of the Eastlawn Street residence and into her

7

residence a few months before the raid on the house. She claimed that he still received mail there because he was on probation to that address and did not have an opportunity to change his address. She also testified that someone other than Bradley was living with Bradley's brother at the time of the raid. (ECF No. 8-7, PageID. at 185, 187–188, 190–191.) But she had "no idea" why Bradley did not go inside the house with her and their newborn daughter to pick up his mail on the day of the raid, even though Bradley's brother had not yet seen their baby. (*Id*., PageID.192–194.)

Bradley's brother Terence also testified that Bradley had moved out of the Eastlawn Street house before the raid and was living elsewhere with his girlfriend at the time. (*Id.*, PageID.201–203.) Terence claimed that he had a roommate at the time and that when the police questioned him, Terence "took the blame for everything" because the guns and drugs belonged to him. Terence also stated that Rudolph did not have keys to the house at the time. (*Id*., PageID.203–205.)

The prosecutor was not required to "remove every reasonable hypothesis except that of guilt." *Apanovitch*, 466 F.3d at 488. And it was the province of the factfinder "to weigh the evidence and decide which testimony to believe." *People v. Unger*, 749 N.W.2d 272, 285–86 (Mich. Ct. App. 2008) (quoting *People v. Jones*, 321 N.W.2d 723, 728 (Mich. Ct. App. 1982)). And that is what the trial court did. When taken in the light most favorable to the prosecution, the evidence was sufficient to support Bradley's conviction for possession with intent to distribute less than five grams of marijuana. Or, more important at this posture of the case, the Michigan Court of Appeals reasonably determined that there was a sufficient nexus between Bradley and the marijuana found in the east bedroom of the Eastlawn Street residence and that the prosecution presented sufficient evidence to support a finding that Bradley constructively possessed the marijuana. Therefore, under the doubly deferential standard applied to sufficiency-of-the-evidence claims, Bradley is not entitled to relief on his claim.

## C.

The same analysis applies to Bradley's challenge to the sufficiency of the evidence on the firearm charges. He was convicted of being a felon in possession of a firearm and felony-firearm (possessing a firearm during the commission of a felony). The essential elements of the former are "(1) the defendant is a felon who possessed a firearm (2) before his right to do so was formally restored under MCL 28.424." *People v. Bass*, 893 N.W.2d 140, 158 (Mich. Ct. App. 2016). "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v. Avant*, 597 N.W.2d 864, 869 (Mich. Ct. App. 1999). "[P]ossession of a weapon is not the same thing as ownership of a weapon. Thus, a person does not violate M.C.L. § 750.227b; MSA 28.424(2) by committing a felony while merely owning a firearm. To be guilty of felony-firearm, one must *carry* or *possess* the firearm, and must do so *when* committing or attempting to commit a felony." *People v. Burgenmeyer*, 606 N.W.2d 645, 649 (2000). In Michigan,

> the term "possession" includes both actual and constructive possession. As with the federal rule, a person has constructive possession if there is proximity to the article together with indicia of control. Put another way, a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant. Physical possession is not necessary as long as the defendant has constructive possession.

*People v. Hill*, 446 N.W.2d 140, 143 (Mich. 1989) (internal citations omitted).

Bradley stipulated that he had a prior felony conviction and was not eligible to possess a firearm on the day of the raid on Eastlawn Street. (ECF No. 8-6, PageID.115; ECF No. 8-7, PageID.124.) And again, the Michigan Court of Appeals noted that "[Officer] Moore found a firearm under the bed in the east bedroom. . . . Moore also found several bags of marijuana in the room, and she testified that she believed that defendant occupied the east bedroom because it contained several proof of residency documents addressed to [Bradley] at that address. The

9

marijuana was found under the same bed as the firearm in the east bedroom." *Bradley*, 2016 WL 3717438, at *4.

It was not unreasonable for the Michigan Court of Appeals to find that a rational trier of fact could have inferred from this evidence that Bradley had access to, and control over, the marijuana and the firearm that were in close proximity to one another and that, as a result, he constructively possessed the firearm while committing the crime of possession with intent to deliver less than five kilograms of marijuana. Thus, Bradley has no right to habeas relief on this claim.

### IV.

The state appellate court's determination of the facts was not unreasonable, and its adjudication of Bradley's sufficiency of the evidence claim on the merits was not contrary to, or an unreasonable application of, *Jackson*. Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus (R. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that, because reasonable jurists would not debate whether the petition should have been resolved in a different manner, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the Court **DENIES** a certificate of appealability.

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **GRANTED** because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

Dated: December 5, 2019

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 5, 2019.

s/Erica Karhoff
Case Manager to
Honorable Laurie J. Michelson